SUPREME COURT OF NEW JERSEY
A-44 September Term 2021
086428

In the Matter of Proposed
Construction of Compressor
Station (CS327), Office
Building and Appurtenant
Structures, Highlands
Applicability Determination,                                    O R D E R
Program Interest No.: 1615-17-
0004.2 (APD200001)

(Tennessee Gas Pipeline
Company, L.L.C. – Appellant)


Tennessee Gas Pipeline Company, L.L.C. (Tennessee), is a "natural gas company" that transports natural gas in interstate commerce and has a planned project designed to increase the transportation capacity on its pipeline system to meet its customers' needs. Because the project is in a preserved area established by the Highlands Water Protection and Planning Act, Tennessee is required to obtain either a Highlands Applicability and Water Quality Management Plan Consistency Determination (HAD) or a Highlands Preservation Area Approval from the New Jersey Department of Environmental Protection (NJDEP). See N.J.A.C. 7:38-2.2.

On August 28, 2020, Tennessee applied to NJDEP for an HAD. Tennessee sought confirmation that its project was exempt from the Highlands Act pursuant to N.J.S.A. 13:20-28(a)(11), which authorizes "the routine

maintenance and operations, rehabilitation, preservation, reconstruction, repair, or upgrade of public utility lines, rights of way, or systems, by a public utility, provided that the activity is consistent with the goals and purposes of this act."

On June 23, 2021, NJDEP notified Tennessee the project qualified under N.J.S.A. 13:20-28(a)(11). The NJDEP also determined the project was consistent with the Statewide Water Quality Management Planning Rules.

On August 13, 2021, Food & Water Watch, the New Jersey Highlands Coalition, and the Sierra Club (collectively, appellants) filed a Notice of Appeal and Case Information Statement in the Appellate Division challenging NJDEP's determination. On August 30, 2021, Tennessee filed a motion to intervene as of right pursuant to Rule 4:33-1. The Appellate Division denied Tennessee's initial motion and then denied its motion for reconsideration.

On November 12, 2021, Tennessee filed a motion for leave to appeal, which this Court granted. We also granted the collective motion filed by the New Jersey Builders Association, New Jersey State Chamber of Commerce, New Jersey Utilities Association, the New Jersey Chapter of NAIOP, the Commercial Real Estate Development Association, and the New Jersey Business & Industry Association seeking leave to appear as amici curiae.

The case came before the Court for oral argument on March 29, 2022, with Tennessee arguing that it met the standard for intervention as of right pursuant to Rule 4:33-1 and appellants arguing that it failed to meet that standard. Rule 4:33-1 provides that

> [u]pon timely application anyone shall be permitted to intervene in an action if the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Tennessee submits it has an undisputed economic interest in the appeal because it has invested "millions of dollars" in this "approximately $246.3 million" project. According to Tennessee, any decision that sets aside the permit would "potentially delay the construction of its project" and impact its ability to meet its contractual obligations. As an alternative to its argument under Rule 4:33-1, Tennessee argues that the Appellate Division should have granted its motion for permissive intervention under Rule 4:33-2 because its underlying interests and status as the permittee make it "indispensable to this appeal."

Amici, although supportive of Tennessee's claim that it met the Rule 4:33-1 standard, also contended that Tennessee should not have to participate

3

as an intervenor but rather should have been named as a party in appellants' Notice of Appeal pursuant to <u>Rule</u> 2:5-1(d).

<u>Rule</u> 2:5-1(d) provides in relevant part that

> [a]n appeal to the Appellate Division to review the decision, action or administrative rule of any state administrative agency or officer is taken by serving copies of the notice of appeal on the agency or officer, the Attorney General <u>and all other interested parties</u>, and by filing the original of the notice with the Appellate Division.
>
> [(emphasis added).]

Based on the role Tennessee played in obtaining this administrative relief from the NJDEP, Tennessee is an "interested party" under <u>Rule</u> 2:5-1(d) and should have been included as a party in the Notice of Appeal and served accordingly. Indeed, in the course of oral argument before this Court, appellants' counsel conceded Tennessee was an "interested party" under the Rule. Counsel also attempted to file an amended Notice of Appeal and Case Information Statement that included Tennessee as an interested party. His efforts were rejected by the Appellate Division, however, because by that time the case was before this Court.

Against this backdrop, we hold appellants should have included Tennessee as an "interested party" pursuant to <u>Rule</u> 2:5-1(d) when they filed their initial Notice of Appeal and Case Information Statement in the Appellate

4

Division.  We accordingly decline to reach the arguments advanced under Rules 4:33-1 and -2.  We remand the case to the Appellate Division to permit appellants to file an amended Notice of Appeal and Case Information Statement that names Tennessee as an interested party pursuant to Rule 2:5-1(d).  The Clerk of the Appellate Division will thereafter issue a scheduling order that will direct the parties on how to proceed.

    WITNESS, the Honorable Stuart Rabner, Chief Justice, at Trenton, this 11th day of April, 2022.

CLERK OF THE SUPREME COURT

5